**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Refugio Ceyala,<br><br>  Plaintiff,<br><br>v.<br><br>Unknown Toth, et al.,<br><br>  Defendants. | No. CV-17-00529-TUC-DCB (LAB)<br><br>**ORDER** |

This matter was referred to Magistrate Judge Leslie A. Bowman, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On March 5, 2020, Magistrate Judge Bowman issued a Report and Recommendation (R&R). (Doc. 71.) She recommends that the Court grant summary judgment for the Defendants because the shooting of Carlos Valencia was tragic but not an excessive use of force. She recommends summary judgment be granted on the state law claims because Plaintiff failed to comply with the notice of claim provisions in A.R.S. § 12-821.01. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and grants summary judgment for Defendants.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. §

636(b)(1). Where the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; see 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the R&R), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendants, and the parties' briefs considered by the Magistrate Judge in deciding the Motion for Summary judgment.

OBJECTIONS

The Plaintiff, Refugio Ceyala, brings this action in her capacity as personal representative of the estate of her deceased son, Carlos Valencia, who was shot and killed by Defendant Toth. The Plaintiff filed objections to the R&R. She argues that the Court "cannot simply accept the officer's subjective version of events, but rather must reconstruct the event in the light most favorable to the non-moving party and determine whether the officer's use of force was excessive under those circumstances." (Objection (Doc. 72) at 2.) The Plaintiff is of course correct. Other than the Defendants and Mr. Valencia,

deceased, there were four witnesses to the event, but, unfortunately, they did not see the actual shooting. Discovery has been completed. It is undisputed that both Defendants were in marked police cars and uniforms, therefore, there are no issues regarding any failure by Defendants to announce their identities or that Mr. Valencia's non-compliance was due to confusion because it was not clear the Defendants were police officers.

The Court relies solely on the Plaintiff's statement of facts (Doc. 56), supporting her assertion that summary judgment should be denied, as stated below.

The circumstances of the case, which the Court finds dispositive begin with the 911 phone call from the manager of the GRM, Gospel Rescue Mission, who reported that Mr. Valencia had created a disturbance, was asked to leave, and had stolen a fire extinguisher as he left. It is undisputed that the 911 transcript reflects Mr. Valencia was described as being a large man, over six feet tall and weighing more than 200 pounds, who was "unstable." The caller described him as having "anger rising up in his voice" and the caller sensed "the aggression in him." (Ps' SOF (Doc. 56) ¶¶ 2-3.) Plaintiff's assertion that Defendants had no information that Mr. Valencia was violent is simply not true. Defendants knew that he was unstable, agitated, and exhibiting signs of aggression and anger.

Police Officer Toth was the first Defendant to engage Mr. Valencia. He saw him walking with the fire extinguisher, which was two to two and a half feet long and 10 to 15 pounds, and saw that Mr. Valencia was a large individual as described by the 911 caller. *Id.* ¶ 6-7. Defendant Toth yelled from inside his marked police car at Mr. Valencia to stop. *Id.* ¶ 11. Mr. Valencia did not stop. Instead, he walked faster. Defendant Toth contacted dispatch over his radio and reported that Mr. Valencia was being noncompliant. *Id.* ¶ 13. Defendant Toth brought his police car to a stop in front of Mr. Valencia, got out and again made contact by standing in front of him, telling him to stop and drop the fire extinguisher. When Mr. Valencia again failed to comply with Defendant Toth's directive, Defendant Toth deployed pepper spray. *Id.* ¶¶ 16-19. At this point, Defendant Toth knew the information gleaned from the 911 call related to Mr. Valencia being mentally unstable,

angry and aggressive, and he knew that Mr. Valencia was refusing to comply with the police directive to stop and drop the fire extinguisher.

In response to being pepper sprayed, Mr. Valencia raised the fire extinguisher over his head and threw it at Defendant Toth, hitting Defendant in the leg, and Mr. Valencia turned and ran, with Defendant Toth giving chase. *Id.* ¶¶ 19-20.

At this time, Defendant Nunez arrived on the scene. He existed his vehicle and ordered Mr. Valencia to stop and get on the ground. Mr. Valencia did not comply. Defendant Nunez got out his taser and was surprised that Mr. Valencia ran towards him first, before turning and running away. Ignoring Defendant Nunez' depiction of Mr. Valencia's behavior as aggressive, it is undisputed that the two Defendants gave chase, with Officer Nunez continuing to order Mr. Valencia to stop, and get on the ground, and Mr. Valencia ignoring Defendants' commands, running, and yelling profanities at the Defendants. *Id.* ¶¶ 26-27.

Eventually, Defendant Nunez got close enough to Mr. Valencia to deploy his taser. It hit him in the back, but was ineffective. *Id.* ¶¶ 34-36. After being tased, Mr. Valencia confronted Defendant Nunez, "yelling, with his arms up and fists clenched in a fighting stance but did not attack Defendant Nunez. *Id.* ¶ 34. Defendant Nunez again tried to use his taser, but it did not work. *Id.* ¶¶ 35, 43. At this point, Defendant Toth caught up to Officer Nunez and Mr. Valencia, and attempted to physically subdue Mr. Valencia. *Id.* ¶ 36. While Plaintiff disputes whether Mr. Valencia hit Defendant Toth with his fists and knocked him to the ground, Plaintiff admits that Defendant Toth fell to the ground. *Id.* ¶ 37.

Nunez called over his radio that they were engaged with a suspect who was physically assaulting officers and requested assistance. *Id.* ¶ 41. With his taser not working, Defendant Nunez deployed his firearm. All three were now walking because they were tired; Mr. Valencia leading, followed by the Defendants. *Id.* ¶ 45. Again, Defendant Toth attempted to physically subdue Mr. Valencia, using pepper spray, but his pepper spray was depleted. *Id.* ¶ 46. This time, Mr. Valencia knocked Defendant Toth down and hit him in

the head with his fists. *Id.* ¶ 48. Again, Mr. Valencia approached Defendant Nunez with his hands up, yelling obscenities and acting aggressive. *Id.* ¶ 54. Mr. Valencia punched Defendant Nunez in the head. *Id.* ¶ 56. Because Defendant Nunez had his firearm out, he focused on protecting his firearm from being grabbed by Mr. Valencia. *Id.* ¶¶ 55 56. Then Mr. Valencia turned to Defendant Toth, who had deployed his firearm after his pepper spray was depleted. *Id.* ¶ 57. Mr. Valencia knocked Defendant Toth to the ground twice, and they were struggling in close contact. *Id.* ¶ 60. Defendant Nunez was on the radio to advise responding officers of their location. *Id.* ¶ 59. During this engagement, Defendant Toth shot Mr. Valencia twice. *Id.* ¶ 60.

These undisputed facts construed in favor of the Plaintiff reflect that Mr. Valencia refused to comply with police directives to stop and surrender to their arrest. He assaulted both officers when they attempted to arrest him, and he gave them no choice but to physically subdue him by force. They first used nonlethal force which was ineffective before turning to the use of their guns.

To prevail on a section 1983 claim based on the Fourth Amendment, the Plaintiff must show that the Defendants' conduct was an unreasonable seizure. (R&R (Doc. 71) at 7 (citing *Sandoval v. Cty. of Sonoma,* 912 F.3d 509, 515 (9th Cir. 2018)). The reasonableness calculation allows for the fact that police officers, like the Defendants, are often forced to make split-second judgments in uncertain and tense circumstances that are rapidly evolving. *Id.* at 7-8 (citing *Graham v. Connor,* 490 U.S. 386, 396-97 (1989)). Use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.*

The Court finds that the Magistrate Judge correctly found the Defendants did not use excessive force. It was objectively reasonable to pepper spray and taser Mr. Valencia because he refused to comply with verbal commands to stop, drop the fire extinguisher, and get on the ground. Rather than complying, Mr. Valencia not only ran away, he assaulted both Defendants. Under the circumstances, it was reasonable for the Defendants to draw their weapons to obtain compliance. When Mr. Valencia again attacked Defendant

Toth, who's weapon was drawn, it was reasonable for Defendant Toth to believe he needed to shoot Mr. Valencia to keep him from getting the gun and using it on them. The Magistrate Judge correctly assessed the graduated use of force employed by the Defendants which culminated in lethal force when Officer Toth shot Valencia twice. (R&R (Doc. 71) at 8-11.)

This is not a case where an unarmed emotionally disturbed person, who has committed no serious offense, did not pose a risk of flight and presented no objectively reasonable threat to officer safety or other individuals. (R&R (Doc. 11) (citing *Deorle v. Rutherford,* 272 F.3d 1272, 1285 (9th Cir. 2001)). Mr. Valencia posed a serious threat to officer safety. Not addressed by the Magistrate Judge, the Court also finds that he posed a risk to the community at large. Officers, like Defendants, may have reasonably believed that a mentally disturbed person willing to take on police officers might injure some member of the community if let go.

The Magistrate Judge did not reach the question of qualified immunity, which requires a court to consider both: (1) whether there has been a violation of a constitutional right, and (2) whether that right was clearly established at the time of the officer's alleged misconduct. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). Because the Magistrate Judge found no constitutional violation, there was no need to reach the second prong of the qualified immunity analysis. This Court agrees that the question of whether there has been a constitutional violation does not involve disputed facts which, when viewed most favorably to the Plaintiff, could support a rational jury finding in Plaintiff's favor. The Court has, however, also reviewed the case law submitted by the Plaintiff and finds that there is no clearly established law that would have led reasonable police officers to understand the actions taken here were unlawful. The law does not "require a case directly on point, but existing precedent must have placed the ... constitutional question beyond debate." *Ashcroft v. al–Kidd*, 563 U.S. 731, 740 (2011). There must be precedent involving similar facts to provide an officer notice that a specific act is constitutionally unlawful. *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curium). The Plaintiff has offered none

and the Court has found no case to suggest deploying lethal force is excessive in circumstances like those faced by the Defendants here.

Finally, the Defendants seek summary judgment on the state law claims based on A.R.S. § 12-821.01, which requires the claimant, Plaintiff, to have filed a notice of claim and settlement offer. Here, she sues the Defendants individually but served her notices of claim on the City Clerk of the City of South Tucson. Plaintiff's argument that such service is proper was rejected in *Simon v. Maricopa Med. Ctr.,* 234 P.3d 623, 629 (Ariz. App. 2010). The Court adopts the Magistrate Judge's recommendation that summary judgment be granted for Defendants on Plaintiff's state law claims.

## CONCLUSSION

The Court finds that Magistrate Judge Bowman issued a well-reasoned R&R, which explains the law and the facts. After *de novo* review of the issues raised in Plaintiff's objections, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in her R&R for determining the pending Motion for Summary Judgment. The Court adopts it, and for the reasons stated in the R&R, the Court grants summary judgment for Defendants.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 71) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 48) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment, accordingly.

Dated this 29th day of September, 2020.

David C. Bury
United States District Judge